**Honorable John C. Coughenour**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TERRY RICHARD MARTIN, SILVER LEGACY CORPORATION, SILVER SOUND LLC, JONAS DAVID SMITH, MICHAEL W. MCCALL, CHARLES J. TULL, IBIS SECURITIES LLC, KENNETH R. MARTIN, GEORGE TAMURA, GOLDMAN SIG INC., EDWARD L. TEZAK, SIGNAL MORTGAGE, INC., and JOHN H. WHITE,<br><br>Defendants. | Case No. C03-2646-JCC<br><br>FINAL JUDGMENT OF PERMANENT INJUNCTION AS TO DEFENDANT CHARLES J. TULL |

Plaintiff Securities and Exchange Commission ("Commission") has filed a Complaint in this action. Defendant Charles J. Tull ("Tull"), having entered a general appearance and being represented by counsel, has submitted a Consent of Charles J. Tull to Entry Of Final Judgment of Permanent Injunction ("Consent") (Dkt. No. 153), which was filed simultaneously with this Final Judgment of Permanent Injunction As To Defendant Charles J. Tull ("Final Judgment"). In the Consent, Tull admitted the jurisdiction of this Court over him and over the subject matter of this action, admitted that he was fully advised and informed of the right to a judicial determination of this matter, waived findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure, consented to the entry of this Final Judgment, without admitting or denying any of the allegations in the Complaint except as set forth in the Consent, and waived notice of hearing upon the entry of this Final Judgment. The Court, being fully advised in the premises, orders as follows.

JUDGMENT RE TULL
S.E.C. v.Martin, et al, C03-2646C

**Securities and Exchange Commission**
44 Montgomery Street, 26th Floor
San Francisco, California 94104
(415) 705-2500

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Tull and his agents, servants, employees, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder by:

1. employing any device, scheme, or artifice to defraud;
2. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
3. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in connection with the purchase or sale of the securities of any issuer, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Tull and his agents, servants, employees, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

1. to employ any device, scheme, or artifice to defraud;
2. to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

JUDGMENT RE TULL
S.E.C. v.Martin, et al, C03-2646C
2
**Securities and Exchange Commission**
44 Montgomery Street, 11th Floor
San Francisco, California 94104
(415) 705-2500

     3.     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the provisions of Defendant's Consent filed concurrently with this Final Judgment are incorporated by this reference, that Defendant shall comply with the Consent and that a breach of the terms of the Consent therefore shall constitute a failure to adhere to the terms of this Final Judgment.

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this action for all purposes, including to implement and enforce the terms of this Final Judgment and other orders and decrees which may be entered.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Judgment may be served upon Defendant in person or by mail either by the United States Marshall, the Clerk of the Court, or any member of the staff of the Commission.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: January 8, 2009

_____
John C. Coughenour
United States District Judge

Presented By:

_____
Attorney for Plaintiff
Securities and Exchange Commission

JUDGMENT RE TULL
S.E.C. v.Martin, et al, C03-2646C

3

**Securities and Exchange Commission**
44 Montgomery Street, 11th Floor
San Francisco, California 94104
(415) 705-2500