Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br> v.<br><br>TERRY RICHARD MARTIN, MICHAEL W. McCALL, *et al.*<br><br>   Defendants. | C03-2646-JCC<br><br>**AMENDED FINAL JUDGMENT AS TO DEFENDANT MICHAEL McCALL** |

  This matter comes before the Court on Plaintiff's stipulated motion to amend final judgment. (Dkt. No. 192). Finding good cause therein, the Court hereby GRANTS the motion. Defendant previously admitted the jurisdiction of this Court over the subject matter of this action and over his person, acknowledged that he was informed of his right to a judicial determination of this matter, waived findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure, and consented to the entry of judgment. Defendant waived notice of hearing upon the entry of final judgment. (*See* Dkt. No. 186).

AMENDED FINAL JUDGMENT AS TO DEFENDANT MICHAEL McCALL, C03-2646-JCC
Page 1

## I. FINAL JUDGMENT

The Court hereby ADJUDGES Defendant liable for disgorgement in the amount of $45,000. Based on Defendant's statement of financial condition submitted July 15, 2009, the Court hereby waives all but $10,000 of the disgorgement and declines to impose a civil penalty. Defendant shall pay $10,000 in disgorgement according to the payment schedule and conditions below. The determination to waive all but $10,000 of the disgorgement and to decline to impose a civil penalty is contingent upon the accuracy and completeness of the statement of financial condition. If Plaintiff obtains information indicating that Defendant's statements were inaccurate or incomplete when made, Plaintiff may petition this Court to impose full disgorgement of $45,000, as well as the maximum penalty allowable under law. This Court shall consider all potential remedies, including forfeiture of assets and contempt of this judgment. If Plaintiff files such a petition, Defendant may not challenge the validity of this final judgment, contest the allegations Plaintiff made in the complaint, or assert any defense to liability, including any defense sounding in the statute of limitations.

The Court FURTHER ORDERS:

1. Defendant shall pay $10,000 in disgorgement. Defendant shall make four installment payments according to the following schedule: (1) $2500 within ninety days of entry of this final judgment; (2) $2500 within one-hundred and eighty days of entry of this final judgment; (3) $2500 within two-hundred and seventy days of entry of this final judgment; and (4) $2500 within three-hundred and sixty days of entry of this final judgment. If Defendant fails to make any payment in a timely fashion, all outstanding payments shall become due immediately. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. Defendant shall make all payments by certified check, bank cashier's check, or a United States postal money order, payable to the Securities and Exchange Commission. Defendant shall deliver or mail payments to: The Office of Financial Management, Securities and Exchange

Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, VA 22312. Defendant shall include with each payment a letter identifying himself as payee, setting forth the title and civil-action number of this matter along with the name of this Court, and specifying that payment is made pursuant to this final judgment. Defendant shall mail a copy of each such letter to Marc Fagel, Regional Administrator, Securities and Exchange Commission, San Francisco Regional Office, 44 Montgomery Street, 26th Floor, San Francisco, CA 94131. The Commission shall remit all funds paid pursuant to this order to the United States Treasury.

2. Defendant and his agents, servants, employees, and all persons acting in concert or participation with them, who receive actual notice of this final judgment, by personal service or otherwise, are permanently enjoined and restrained from directly or indirectly violating Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder. *See* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5. In connection with the purchase or sale of the securities of any issues, by use of any means or instrumentality of interstate commerce, the aforementioned individuals shall not:

(a) employ any device, scheme, or artifice to defraud;

(b) make any untrue statement of material fact, or fail to make any statement of material fact necessary to prevent their statements from misleading others;

(c) engage in any act, practice, or course of business which operates as a fraud or deceit upon any person.

3. Defendant and his agents, servants, employees, and all persons acting in concert or participation with them, who receive actual notice of this final judgment, by personal service or otherwise, are permanently enjoined and restrained from directly or indirectly violating Section 17(a) of the Securities Exchange of Act of 1934. In the offer or sale of any security, by use of any means of instrumentality of interstate commerce, the aforementioned individuals shall not:

(a) employ any device, scheme, or artifice to defraud;

Page 3

  (b)  make any untrue statement of material fact, or fail to make any statement of material fact necessary to prevent their statements from misleading others;

  (c)  engage in any act, practice, or course of business which operates as a fraud or deceit upon any person.

The Court FURTHER ORDERS that the provisions of Defendant's consent are incorporated as part of this judgment. Failure to comply with the terms of the consent therefore constitute a failure to comply with the terms of this judgment.

## II. CONCLUSION

This matter comes before the Court on Defendant's consent to entry of judgment. (Dkt. No. 186). The Court hereby enters final judgment in this case for Defendant Michael McCall, consistent with the above conditions.

    SO ORDERED this 8th day of January, 2010.

              _____
               JOHN C. COUGHENOUR
               United States District Judge